IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Colin Petrus, *on behalf of himself* *and others similarly situated* | ) ) ) | |
| Plaintiff, | ) ) ) | No. 24 C 6872 |
| v. | ) ) | Judge Jorge L. Alonso |
| Koppers, Inc., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Colin Petrus brings a putative class action against Defendant Koppers, Inc., seeking damages suffered due to odor emissions from Defendant's coal tar plant. R. 22. Defendant moves to dismiss the amended complaint. R. 24. For the reasons stated below, Defendant's motion is denied.

## Legal Standard

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

Defendant owns and operates a 36-acre coal tar plant located at 3900 S. Laramie Avenue, Cicero, Illinois 60804. R. 22, ¶ 11. The plant emits "noxious odors into the ambient air" which then disperse "across all public and private land in the Class Area." *Id.* at ¶¶ 20–21. When the noxious odors are present, Plaintiff is unable to open his windows, unable to use his back porch and backyard, and unable to walk with his children in public parks. *Id.* at ¶¶ 37–40. Numerous putative class members cannot spend time outside due to the odor and air quality. *Id.* at ¶ 31. They report, for example, that the odors are "horrible and unbearable", that it makes their backyards unusable, and that it causes their eyes to water and burn. *Id.*

The Illinois Environmental Protection Agency has issued repeated Notices of Violation regarding the coal tar plant—in August 2020, July 2021, November 2021, and October 2023. These notices allege, for example, that Defendant failed to a) monitor and reduce emissions of hazardous air pollutants, b) maintain its machinery in accordance with good air pollution control practices, c) monitor its vent systems, and d) comply with emissions limits delineated in its permits. *Id.* at ¶ 29.

Plaintiff brings this putative class action and raises claims for private nuisance, public nuisance, and negligence. *Id.* at ¶¶ 55–87. The proposed Class Area includes residential communities and is home to a wide range of residential and commercial properties such as homes, restaurants, industrial facilities, retail properties, parks, and schools. *Id.* at ¶¶ 18, 41–42. The putative class members are a subset of individuals living in the Class Area that includes only residential owners, occupants, and renters. *Id.* at ¶ 42.

**Discussion**

### I. Nuisance Claims

Under Illinois law, private nuisance is an "unreasonable" and "substantial invasion of a person's interest in the use and enjoyment of his property." *Stop NorthPoint, LLC v. City of Joliet*, 2024 IL App (3d) 220517, ¶ 38 (citations omitted). "Common examples of a private nuisance are smoke, fumes, dust, vibration, or noise produced by the defendant on its own land and impairing the use and enjoyment of the neighboring land." *Avery v. GRI Fox Run, LLC*, 2020 IL App (2d) 190382, ¶ 44. Public nuisance is "an unreasonable interference with a right common to the public." *Stop NorthPoint*, 2024 IL App (3d) 220517 at ¶ 40 (citations omitted). The "public [has] a right to clean, unpolluted air" and "deprivation of [this] right [is] actionable as a private injury and indictable as a public wrong." *City of Chicago v. Commonwealth Edison Co.*, 321 N.E.2d 412, 418 (Ill. App. Ct. 1974).

As alleged, noxious odor created by the coal tar plant plausibly invaded Plaintiff's use and enjoyment of property and plausibly interfered with Plaintiff's right to clean air because it was strong enough to prevent Plaintiff from using his porch, his yard, and from going on walks with his children. Defendant does not dispute these points. *See* R. 25. Rather, Defendant asserts that the coal tar plant is located in "highly industrialized area" and argues that Plaintiff failed to plead that the noxious odors were "unreasonable" given the plant's location. *Id.* at 5–9.

Defendant is correct that Illinois courts consider the location of a factory when determining whether air pollution is unreasonable. *See Gardner v. Int'l Shoe Co.*, 54 N.E.2d 482, 487 (Ill. 1944) (whether air pollution was unreasonable depends on what "is suitable to the locality"); *Commonwealth Edison Co.*, 321 N.E.2d at 418 ("[T]he notion of pure air has come to mean clean air consistent with the character of the locality and the attending circumstances."). However, the

3

suitability of the location is just one factor in a larger four-factor analysis. The factors include: 1) the extent of injury or harm incurred to the public health, safety, peace or comfort; 2) a comparison of the operation's methods or effects to proscribed standards outlined by applicable federal, state, or local regulations; 3) the suitability of the industry's location; and 4) balancing the gravity of the harm done to the public against the utility of the defendant's business to the community as a whole. *Commonwealth Edison Co.*, 321 N.E.2d at 418. And this analysis "depends on the peculiar facts presented by each case." *Id.*

Defendant attaches zoning maps of Cicero and Stickney as exhibits to its motion and requests that the Court take judicial notice of these maps. R. 25 at 3. Though the Court takes judicial notice of these maps, *see Station Place Townhouse Condo. Ass'n v. Vill. of Glenview*, 2022 IL App (1st) 211131 ¶ 38 n.6 ("A court may take judicial notice of geographical facts, including information acquired from mainstream Internet sites."), the maps paint a more complex picture than as asserted by Defendant. The maps show that both Cicero, R. 25-2, and Stickney, R. 25-3, contain certain areas zoned for industry and certain areas zoned as residential. Though more than half of Stickney is zoned as "Heavy Industrial," approximately a third of Stickney is zoned as "Single Family Residence." And though Cicero contains areas zoned for "General Manufacturing" and "Light Manufacturing," approximately two-thirds of Cicero is zoned as "Single Family Residence." The maps are consistent with the amended complaint, which alleges that the neighborhoods contain a mix of residential and commercial properties. Given the mix of residential and commercial properties, and drawing all reasonable inferences in Plaintiff's favor, the allegations plausibly support an inference that the air pollution was unreasonable for the locality. Critically, even if the third factor weighed heavily in Defendant's favor, the Court would still need to consider the other factors, including a balancing of harm and utility. Such an analysis is highly

4

fact-specific and inappropriate at this stage, on a motion to dismiss. *See Avery*, 2020 IL App (2d) 190382 at ¶ 44 ("Whether a complained-of activity constitutes a nuisance is generally a factual question."). For these reasons, Defendant's motion to dismiss is denied as to the nuisance claims.

## II. Negligence Claim

Under Illinois law, a negligence claim requires three elements: 1) a duty owed by the defendant to the plaintiff; 2) a breach of that duty; 3) injury proximately caused by the breach. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 51 (citations omitted). A "person engaging in conduct that creates risks to others has a duty to exercise reasonable care to avoid causing them physical harm." *Zokhrabov v. Jeung-Hee Park*, 2011 IL App (1st) 102672, ¶ 8. And "[w]hether a duty of care exists is a question of law to be determined by the court." *City of Chicago v. Beretta U.S.A. Corp.*, 821 N.E.2d 1099, 1125 (Ill. 2004). In a similar case involving dust emissions from a petroleum facility, this court found that an allegation of geographical proximity between the petroleum facility and residential neighborhoods was sufficient to plausibly allege a duty. *See Campos v. BP Prods. N. Am., Inc.*, 2014 WL 5858625, at *4 (N.D. Ill. Nov. 12, 2014) ("Given the geographical proximity, the foreseeability that a dust-like particle would be transported by wind, the known dangers of inhaling these dust particles or allowing them to accumulate, and the difficulty the homeowners would have in protecting themselves and their property, plaintiffs have sufficiently alleged that these defendants owed a duty to exercise reasonable care toward the plaintiffs.").

Here, Plaintiff alleged that Defendant operates a coal tar plant located in geographical proximity to Plaintiff's residential neighborhood. It is thus foreseeable that air pollution created by the plant could harm Plaintiff, and Plaintiff has thus plausibly alleged that Defendant owed a duty of reasonable care. Plaintiff further alleged that Defendant received multiple Notices of

5

Violation from the Illinois Environmental Protection Agency and that these notices specifically pertained to Defendant's management of the air pollution. Plaintiff has thus plausibly alleged a breach of that duty. Finally, Plaintiff alleged that the air pollution prevented Plaintiff from using his porch, his yard, and from going on walks with his children. Plaintiff has thus plausibly alleged injury. For these reasons, Defendant's motion to dismiss is denied as to the negligence claim.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is denied.

**SO ORDERED.**  ENTERED: **June 23, 2025**

**HON. JORGE L. ALONSO**
**United States District Judge**