**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **COLIN PETRUS,**<br>on behalf of himself and all other<br>similarly situated, | Case No. 1:24-cv-06872 |
| Plaintiff, | District Judge Jorge L. Alonso<br>Magistrate Judge Albert Berry III |
| vs. | |
| **KOPPERS, INC.,** | |
| Defendant. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........ 2

TABLE OF AUTHORITIES ........ 4

INTRODUCTION ........ 6

A. Plaintiff's Claims ........ 6

B. Summary of the Litigation ........ 7

C. Terms of the Proposed Settlement ........ 8

LEGAL STANDARD ........ 10

ARGUMENT ........ 11

I. The Court Should Certify the Proposed Settlement Class ........ 11

A. The Proposed Settlement Class is Readily Ascertainable ........ 11

B. The Numerosity Requirement is Easily Met ........ 12

C. There are Questions of Law and Fact Common to the Settlement Class ........ 13

D. The Claims of the Named Plaintiff Are Typical of the Claims of the Settlement Class ........ 14

E. Plaintiff and Class Counsel Each Satisfy the Adequacy of Representation Requirement ........ 15

F. The Rule 23(b)(3) Predominance and Superiority Factors are Additionally Satisfied ........ 16

1. Common Questions of Fact and Law Predominate ........ 17

2. Class Certification is the Superior Method for the Fair and Efficient Adjudication of This Litigation ........ 17

II. The Court Will Likely Find That the Proposed Settlement is Fair, Reasonable, and Adequate.......... 19

A. The Settlement Was Negotiated at Arm's Length.......... 19

B. The Monetary Relief Provided Through the Settlement Is Adequate.......... 19

1. The Costs, Risks, and Delay of Trial and Appeal Are Substantial in Complex Environmental Class Actions.......... 20

2. The Proposed Method of Distributing Relief to the Settlement Class and Processing Settlement Class Member Claims is Effective, and Class Counsel has Extensive Experience Administering Similar Class Settlements.......... 20

3. The Requested Attorney's Fee is Standard and Reasonable Considering the Result for the Settlement Class.......... 22

4. The Proposed Settlement Treats All Settlement Class Members Equally.......... 22

III. The Additional Fairness Factors that the District Court Must Consider Similarly Weigh in Favor of Preliminary Approval.......... 23

A. While Plaintiff Believes That His Case is Meritorious, the Settlement is Fair and Reasonable Considering the Strength of the Case on the Merits.......... 23

B. The Parties Have Engaged in Extensive Class Certification Discovery.......... 24

IV. The Proposed Notice Plan is Appropriate.......... 25

CONCLUSION.......... 26

# TABLE OF AUTHORITIES

Cases Page(s)

*Lechuga v. Elite Engineering, Inc.*,
*559 F. Supp. 3d 736, 744 (N.D. Ill. 2021)*……….........................………………… 10

*Dougals v. Western Union Co.*,
*328 F.R.D. 204, 211 (N.D. Ill. 2018)*……………………………...................………. 11

*Leung v. XPO Logistics, Inc.*,
*326 F.R.D. 185, 193 (N.D. Ill. 2018)*……………………..........................………………. 11

*Hizer v. Pulaski Cnty., Ind.*,
*No. 3:16-CV-885-JD-MGG, 2017 WL 3977004, at *4 (N.D. Ind. Sept. 11, 2017)*....... 12

*Duffin v. Exelon Corp.*,
*No. CIV A 06 C 1382, 2007 WL 845336, at *4 (N.D. Ill. March 19, 2007)*……......… 12

*Arwa Chiropractic P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*,
*322 F.R.D. 458, 463 (N.D. Ill. 2017)*………………………........................................... 13

*Morr v. Plains All Am. Pipeline, L.P.*,
*No. 17-cv-163-SMY, 2021 WL 4554559, at *4 (S.D. Ill. 2021)*……..........…………… 13

*Mejdreck v. Lockformer Co.*,
*No. 01 C 6107, 2002 WL 1838141, at *3 (N.D. Ill. August 12, 2002)*………....…….. 13

*Oshana v. Coca-Cola Co.*,
*472 F.3d 506, 514 (7th Cir. 2006)*…………………….............................……........ 14

*Wachala v. Astellas US LLC*,
*No. 20 C 3882, 2022 WL 408108, at *5 (N.D. Ill. 2022)*……………........……......... 14, 15

*Ret. Chicago Police Ass'n v. City of Chicago*,
*7 F.3d 584, 598 (7th Cir. 1993)*……………………….…….......................………… 15

*Batties v. Waste Mgmt. of Pa., Inc.*,
*No. 14-7013, 2016 U.S. Dist. LEXIS 1836335, at *47 (E.D. Pa. May 11, 2016)*….…. 16

*Sorsby v. TruGreen L.P.*,
*No. 20-cv-2601, 2023 WL 130505, at *5 (N.D. Ill. Jan. 9, 2023)*……….............….... 17

*Gorss Motels Inc. v. Brigadoon Fitness, Inc.*,
*29 F.4th 839, 843 (7th Cir. 2022)*………………………………...............……...….. 17

*Wahlert v. Kovitz Shifrin Nesbit*,

*No. 17 C 8055, 2023 WL 5348757, at *6 (N.D. Ill. Aug. 21, 2023)*……….........…… 17

*Quinn v. Specialized Loan Servicing, LLC*,

*331 F.R.D. 126, 133 (N.D. Ill. 2019)*……………………..............………….......... 18

*Schulte v. Fifth Third Bank*,

*805 F. Supp. 2d 560, 598-99 (N.D. Ill. July 29, 2011)*…………….........….……..... 22

*Kolinek v. Walgreen Co.*,

*311 F.R.D. 483, 502-03*……………………………….........................................… 22

*Quinn v. JK Buick GMC, Inc.*,

*No. 1:23-cv-00447, 2024 WL 4613360, at *4 (N.D. Ill. October 30, 2024)*…............ 22

*Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*,

*314 F.R.D. 580, 588 (N.D. Ill. 2016)*…………………………….............................. 23

*Fonder v. Sherriff of Kankakee Cnty.*,

*No. 12-CV-2115, 2014 WL 812939, at *2 (C.D. Ill. February 28, 2014)*………...…. 25

*Mullins v. DirectDigital, LLC*,

*795 F.3d 654, 665 (7th Cir. 2015)*…………………………...................…......... 25

Plaintiff Colin Petrus, individually and on behalf of all others similarly situated, by and through his undersigned counsel, respectfully requests that the Court enter an Order in the form of the Proposed Preliminary Approval Order attached hereto as **Exhibit 1-B** (1) granting preliminary approval of the Settlement Agreement attached as **Exhibit 1**; (2) conditionally certifying a class for settlement purposes; (3) appointing Plaintiff as class representative and Plaintiff's Counsel as Class Counsel; (4) approving the Notice; and (5) scheduling a Settlement Fairness and Final Approval Hearing. For purposes of settlement only, Defendant Koppers, Inc. ("Defendant") does not oppose Plaintiff's Motion.

## INTRODUCTION

Plaintiff Colin Petrus brought this action on behalf of himself and a proposed Settlement Class of his neighbors alleging that noxious odors from the Koppers manufacturing facility in Cicero (the "Facility") had negatively impacted the use and enjoyment of his private residential property. *See* (ECF No. 22). Following an investigation by Plaintiff's uniquely qualified and experienced counsel, and a judicial settlement conference with Magistrate Judge Albert Berry III on July 30, 2026, Plaintiff is pleased to report that the Parties have reached a compromise to fully and finally resolve this litigation. To that end, Plaintiff hereby presents to the Court the attached Settlement Agreement and requests preliminary approval thereof by entry of the proposed order attached hereto as **Exhibit 1-B**.

### A. Plaintiff's Claims

Plaintiff and the proposed Settlement Class are owners and/or occupants of residential property within one mile of the Facility since August 6, 2019. In his First Amended Complaint (ECF No. 22), Plaintiff alleges that Defendant has failed to adequately control and/or mitigate noxious odor emissions generated during Defendant's manufacturing operations and asserts claims

for private nuisance, public nuisance, and negligence. *See* (ECF No. 22, PageID 85-89). Specifically, Plaintiff alleges that on frequent and recurrent occasions, noxious odors from the Facility entered his and the Settlement Class's properties thereby substantially interfering with their abilities to use and enjoy their properties. (*Id.*, PageID 76-77). Following the Court's denial of Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 31), Plaintiff proceeded with each of his claims, each of which Defendant continues to strongly deny. Plaintiff now seeks to certify a Settlement Class defined as: "(A)ll owners and occupants of residential property within the Class Area during the Class Period, exclusive of those who file a valid and timely request to Opt-Out." (**Ex. 1,** sec. 2(u)); *see also* (**Ex. 1-A- Class Area Map**).

### B. Summary of the Litigation

Prior to bringing this action, Plaintiff's Counsel conducted a pre-suit investigation consisting of Freedom of Information Act requests to the City of Cicero, Cook County, and the Illinois Environmental Protection Agency seeking documentation of community odor complaints concerning Defendant's Facility as well as any regulatory enforcement actions against Defendant concerning or relating to noxious odor emissions. (**Ex. 2- Declaration of Laura L. Sheets**, ¶13). Plaintiff's Counsel additionally obtained and reviewed survey responses from putative Settlement Class Members detailing their experiences with noxious odor emissions that they attribute to Defendant's Facility. (ECF No. 22, PageID 79).

After Defendant's Motion to Dismiss Plaintiff's First Amended Complaint was denied (ECF No. 31), the Parties agreed to, and the Court approved, a scheduling order bifurcating discovery into separate class certification and merits/liability stages. *See* (ECF No. 34). The Parties engaged in significant class certification fact discovery over the past two years, including multiple rounds of written discovery and depositions of Plaintiff, his wife, and Defendant's corporate

representative. (**Ex. 2,** ¶ 14). Prior to the disclosure of class certification expert reports, the Parties engaged in preliminary settlement discussions and agreed to attend a judicial settlement conference with Magistrate Judge Albert Berry III on July 30, 2026. *See* (ECF No. 52). The Parties agreed to resolve this case pursuant to the terms of the Settlement Agreement at the judicial settlement conference. *See* (ECF No. 60).

### C. Terms of the Proposed Settlement

Under the proposed Settlement Agreement,[1] Defendant will be required to provide monetary relief to the Settlement Class in exchange for which the Settlement Class will release certain claims against Defendant. Defendant will make a payment for the benefit of the Settlement Class in the amount of $625,000, which will create a Settlement Fund to be distributed on an equal basis (one payment per household) to Settlement Class Members who timely submit an approved Claim Form after the payment of costs, attorneys' fees, and incentive awards that the Court may approve.

The proposed Settlement Agreement includes a full release and discharge by Plaintiff and each Settlement Class Member of any and all claims that were, or could have been, asserted against Defendant and its Released Parties related to any impact of odors or emissions from the Facility on public spaces or private residential property within the Class Area from August 6, 2019, through the Effective Date of the Settlement Agreement. (**Ex. 1**, Sec. 2(q)). As defined, the Released Claims **expressly preserve** any claims for medically diagnosed personal injuries from the Facility. Accordingly, the Settlement Agreement adequately protects the rights of the Settlement Class. If approved, the Settlement Class will include, and the release will bind, owner/occupants and renters

[1] Capitalized terms shall have the same meaning here as assigned to them in the Settlement Agreement.

of residential property residing within one mile of the Facility who do not affirmatively Opt-Out of the settlement. (**Ex. 1**, Sec. 2(c)).

The Settlement Agreement calls for Class Counsel to administer the settlement and requires that the Notice (**Exhibit 1-D)**, and Claim Form (**Exhibit 1-E)**, be sent to the residential addresses within the Class Area by first class mail. Class Counsel will also cause the short-form publication notice (**Ex. 1-F**) to be published in a newspaper of general circulation serving the Class Area. (**Ex. 1**, Sec. 2(k)). Further, Class Counsel will establish a designated settlement website, which will be provided to Settlement Class Members through the Notice, and post on the website the Notice (**Exhibit 1-D)**, the Claim Form (**Ex. 1-E**), a short-form publication notice (**Ex. 1-F**), and the Class Area map (**Ex. 1-A**), along with a copy of the Settlement Agreement, the First Amended Complaint, and any orders of the Court pertaining to this settlement.

Settlement Class Members will have thirty (30) days from the date Notice is mailed to object or Opt-Out of the Settlement Agreement. (**Ex. 1**, Sec. 6(a)). At least seven (7) days before the Settlement Fairness and Final Approval Hearing, Class Counsel shall file all objections received from or on behalf of Settlement Class Members and file a proposed "Exhibit 1" to the proposed Final Judgement and Order of the Court identifying the potential Settlement Class Members who timely submitted Opt-Out requests. (*Id.*) Settlement Class Members will have forty-five (45) days from the date Notice is mailed to submit a Claim Form in compliance with the terms specified in the Notice and on the Claim Form itself. (**Ex. 1**, Sec. 6(b)). Each Household for which an approved Claim Form is received shall share equally in the Settlement Fund after the deduction of such costs, attorneys' fees, and Service Awards as the Court may approve. (**Ex. 1**, Sec. 6(d)). In the event that multiple Claim Forms are submitted for the same Household, all approved claims for that Household will share in one equal share of the Settlement Fund. (*Id.*)

The Settlement Agreement provides that Settlement Class Counsel may apply to the Court for an award of attorneys' fees in an amount not more than one-third of the Settlement Fund, net of costs approved by the Court. (**Ex. 1**, Sec. 3(e)).[2] The Settlement Agreement also permits Plaintiff to request a one-time Service Award of up to $7,500 to compensate him for his efforts in the Action. (**Ex. 1**, Sec. 3(f)). The settlement is not contingent on any amount being awarded to the class representative or Class Counsel. (*Id.*)

**LEGAL STANDARD**

The claims of "a class proposed to be certified for purposes of settlement[] may be settled… only with the court's approval." Fed.R.Civ.P. 23(e). Under Rule 23(e), the Court considers four factors to preliminarily determine whether a proposed agreement is fair, reasonable, and adequate: "(1) whether the class representatives and class counsel have adequately represented the class; (2) whether the proposal was negotiated at arm's length; (3) whether the relief provided for the class is adequate; and (4) whether the proposal treats Settlement Class Members equitably relative to each other." *Id.* "In weighing whether to grant preliminary approval of a proposed settlement, 'courts must consider: (1) the strength of Plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among [a]ffected parties; (4) the opinion of competent counsel; and (5) the stage of proceedings and the amount of discovery completed." *Lechuga v. Elite Engineering, Inc.*, 559 F. Supp. 3d 736, 744 (N.D. Ill. 2021) (quoting *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 345 (N.D. Ill. 2010)).

---

[2] Plaintiff intends to submit a request for attorneys' fees, reimbursements of litigation costs, and a request for a one-time Service Award of $7,500 to the class representative at the time of the Motion for Settlement Fairness and Final Approval Hearing.

Finally, to merit class certification, Fed.R.Civ.P. 23(a) requires that Plaintiff satisfy the following factors: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative Parties are typical of the claims or defenses of the class; and (4) the representative Parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Where, as here, Plaintiff seeks to certify a class pursuant to Fed.R.Civ.P. 23(b)(3), Plaintiff must additionally demonstrate "that the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members and that a class action is superior to other available methods" for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). In addition to these requirements, "the class must be 'identifiable as a class,' meaning that the 'class definition must be definite enough that the class can be ascertained.'" *Dougals v. Western Union Co*., 328 F.R.D. 204, 211 (N.D. Ill. 2018) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)).

## ARGUMENT

### I. The Court Should Certify the Proposed Settlement Class.

The proposed Settlement Class satisfies each of the requirements for class certification and should therefore be certified for settlement purposes.

#### A. The Proposed Settlement Class is Readily Ascertainable.

"Implicit in Rule 23(a) is the requirement that the proposed class be definite enough for the class to be ascertained." *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 193 (N.D. Ill. 2018) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cit. 2006). "In general, this means that a class must be clearly defined by objective criteria." *Id.* "The ascertainability requirement does not mean that all members must be identifiable at the time of certification," but rather "[i]f the

general outlines of the membership in the class are determinable at the outset of the litigation, a class will be deemed to exist." *Hizer v. Pulaski Cnty., Ind.*, No. 3:16-CV-885-JD-MGG, 2017 WL 3977004, at *4 (N.D. Ind. Sept. 11, 2017).

The proposed Settlement Class is readily ascertainable, as it is defined with reference to objective criteria—ownership of or residency at a residential property within a one-mile geographic area around the Facility. (**Ex. 1**, Sec. 2(c)). The claims at issue (public nuisance, private nuisance, and negligence) all arise from the interference with the use and enjoyment of public spaces and private residential properties, the locations of which are integral to the very definition of the Class. To determine whether a Household qualifies for membership in the Settlement Class, all that is required is to determine whether the Household is located within the Class Area boundary, is residential, and is owner-occupied or rented.

The addresses of all residential households in the Class Area will receive a Notice form at their residence by first class mail. (**Ex. 1-D, Class Notice**). Additionally, each Settlement Class Member will be required to confirm that they reside within the Class Area by affirming ownership or renter status by attaching a copy of valid documentation. *See* (**Ex. 1-E, Claim Form**). The Settlement Class is therefore readily ascertainable pursuant to objective criteria and this requirement for certification is satisfied.

**B. The Numerosity Requirement is Easily Met.**

"Rule 23(a) requires the class be so numerous that joinder of its members is impracticable. Impracticability does not mean impossibility; plaintiffs need only prove it would be inconvenient and difficult to join the proposed class members." *Duffin v. Exelon Corp.*, No. CIV A 06 C 1382, 2007 WL 845336, at *4 (N.D. Ill. March 19, 2007) (internal citation omitted). "Numerosity is satisfied where 'it's reasonable to believe [the class is] large enough to make joinder impracticable

and thus justify a class action suit.'" *Arwa Chiropractic P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 322 F.R.D. 458, 463 (N.D. Ill. 2017) (quoting *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 747 F.3d 489, 492 (7th Cir. 2014)).

Plaintiff's proposed Settlement Class consists of "all owners or occupants of residential property who resided within the Class Area during the Class Period, exclusive of those who file a valid and timely request to Opt-Out." (**Ex. 1**, sec. 2(u)); (**Ex. 1-A**). It would clearly be impracticable to join each of these households, much less all individuals residing therein, in a single proceeding and the first Rule 23(a) requirement is easily met.

**C. There are Questions of Law and Fact Common to the Settlement Class.**

"Rule 23(a)(2) requires that there are questions of law or fact common to the class." *Morr v. Plains All Am. Pipeline, L.P.*, No. 17-cv-163-SMY, 2021 WL 4554559, at *4 (S.D. Ill. 2021) (citation and internal quotation marks omitted). "A 'common nucleus of operative fact' is generally sufficient to satisfy" the commonality requirement. *Mejdreck v. Lockformer Co.*, No. 01 C 6107, 2002 WL 1838141, at *3 (N.D. Ill. August 12, 2002) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "For purposes of Rule 23(a)(2), '[e]ven a single [common] question' will do." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 322 F.R.D. 458, 464 (N.D. Ill. 2017) (quoting *Walmart Stores, Inc. v. Dukes,* 564 U.S. 338, 359 (2011)).

Plaintiff alleges that Defendant has engaged in a common course of offensive conduct towards him and the proposed Settlement Class giving rise to numerous common questions of law and fact, including but not limited to the following: (1) whether and to what extent the Facility's noxious odor emissions were dispersed throughout the Class Area; (2) whether Defendant's operation of the Facility was unreasonable; (3) whether the noxious odors emitted from the Facility were unreasonable; (4) whether the degree of harm suffered by Plaintiff and the Settlement Class

constitutes a substantial annoyance or interference with the use and enjoyment of property and public spaces; and (5) the proper measure of damages incurred by Plaintiff and the Settlement Class.

Each of these questions of law and fact are capable of classwide resolution, as Plaintiff's allegations focus on Defendant's alleged conduct in failing to control noxious odor emissions from the Facility. Plaintiff alleges that the noxious odors he and the proposed Settlement Class experienced originated from the Facility, are of the same nature, and generally impact the surrounding residential communities in the same way thereby causing the same types of damages. For these reasons, the commonality requirement for certification is satisfied.

### D. The Claims of the Named Plaintiff Are Typical of the Claims of the Settlement Class.

"A claim is typical if it 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and… [the] claims are based on the same legal theory.'" *Oshana v. Coca-Cola Co*., 472 F.3d 506, 514 (7th Cir. 2006) (quoting *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992)). "[T]he requirement is meant to ensure that the named representative's claims 'have the same essential characteristics as the claims of the class at large." Id. (citation and internal quotation marks omitted). "The typicality requirement is meant to ensure that the class representative's claims have the same essential characteristics as those of the class at large, in that the plaintiff's pursuit of her own interest will necessarily also benefit the class." *Wachala v. Astellas US LLC*, No. 20 C 3882, 2022 WL 408108, at *5 (N.D. Ill. 2022) (citation and internal quotation marks omitted).

Plaintiff and the Settlement Class's claims for nuisance and negligence entail the same types of damages for the same types of injuries caused by an alleged common course of conduct by Defendant. Specifically, Plaintiff and the proposed Settlement Class have similarly experienced

and suffered the same substantial and unreasonable interference with the use and enjoyment of their private residential properties resulting from Defendant's alleged noxious odor emissions. Accordingly, there are no conflicts of interest between Plaintiff and absent proposed Settlement Class members.

In addition, the proposed Settlement Agreement does not release any claims for medically diagnosed personal injuries related to odor emissions from the Facility, each of which could involve different types of claims or damages. There are no terms in the proposed Settlement Agreement that would operate to prevent individuals with claims that are *not* released from exercising their rights in a future proceeding. As a result, Plaintiff's claims are typical of the claims of the proposed Settlement Class and the typicality requirement of Rule 23(a) is met.

### E. Plaintiff and Class Counsel Each Satisfy the Adequacy of Representation Requirement.

The Rule 23(a)(4) adequacy requirement considers both "the adequacy of the named plaintiff's counsel[] and the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members." *Ret. Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). "Factors in this analysis are whether the named plaintiffs have (1) claims that do not conflict with those of other class members; (2) sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) competent, qualified, and experienced counsel who are able to conduct the litigation vigorously." *Wachala v. Astellas US LLC*, No. 20 C 3882, 2022 WL 408108, at *5 (N.D. Ill. 2022) (citing *Dietrich v. C.H. Robinson Worldwide, Inc.*, No. 18 C 4871, 2020 WL 635972, at *4 (N.D. Ill. Feb. 11, 2020)).

Plaintiff has diligently represented the Settlement Class and has done everything required of him throughout this litigation, including timely responding to discovery requests and sitting for a deposition, in advancing the claims of the Settlement Class. (**Ex. 2**, ¶ 32). He has not

demonstrated any conflicts of interest with absent Settlement Class Members and has retained Class Counsel with extensive experience conducting environmental class action litigation. Plaintiff's Counsel has successfully resolved many dozens of similar environmental lawsuits for property damage, the vast majority of which were brought and resolved on a classwide basis. (***Id.***, ¶ 2-8).

Regarding Plaintiff's Counsel's representation for this type of case, one federal court noted that:

> Class Counsel—from the Detroit-based firm [Liddle Sheets PC]—are among the few attorneys that specialize in class-action odor-nuisance litigation. Class Counsel skillfully and vigorously investigated and prosecuted the Class's claims… Absent the skill and efficiency of Class Counsel, it is also unlikely that individual Class Members could have obtained any recovery on their nuisance claims.

*Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 1836335, at *47 (E.D. Pa. May 11, 2016). Prior to initiating this litigation, Class Counsel submitted a survey to thousands of area residents and conducted a detailed inquiry into both reports of odors from the Facility and public information requests to relevant regulatory entities. (**Ex. 2**, ¶ 13). Now, Class Counsel has negotiated a favorable resolution to this litigation and has vigorously prosecuted Plaintiff's claims on behalf of the Settlement Class. In sum, Class Counsel concentrates their practice on cases of this type, and, in reaching this beneficial settlement, has devoted the necessary resources to pursue the claims of Plaintiff and the Settlement Class. (**Ex. 2**, ¶ 30).

Both Plaintiff and Class Counsel have and will continue to fairly and adequately protect the interests of the proposed Settlement Class. The adequacy requirement for certification is therefore satisfied.

### F. The Rule 23(b)(3) Predominance and Superiority Factors are Additionally Satisfied.

Finally, the proposed Settlement Class satisfies both the predominance and superiority requirements set forth by Rule 23(b)(3) as set forth below.

**1. Common Questions of Fact and Law Predominate.**

"Predominance tests whether a proposed class is sufficiently cohesive to warrant adjudication as a class and calls upon courts to give careful scrutiny to the relation between common and individual questions in a case." *Sorsby v. TruGreen L.P.*, No. 20-cv-2601, 2023 WL 130505, at *5 (N.D. Ill. Jan. 9, 2023) (citation and internal quotation marks omitted). "An individual question is one where members of the proposed class will need to present evidence that varies from member to member; a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Gorss Motels Inc. v. Brigadoon Fitness, Inc.*, 29 F.4th 839, 843 (7th Cir. 2022). "Individual questions need not be absent, they just cannot predominate over questions affecting the class as a whole." *Wahlert v. Kovitz Shifrin Nesbit*, No. 17 C 8055, 2023 WL 5348757, at *6 (N.D. Ill. Aug. 21, 2023) (citation omitted). "[A] class will often include persons who have not been injured by the defendant's conduct… Such a possibility or indeed inevitability does not preclude class certification." Id. at *5 (N.D. Ill. Aug. 21, 2023) (citation omitted).

Any individual issues that may exist among Plaintiff and the Settlement Class are outweighed by the common issues relating to Defendant's alleged misconduct, the dispersion of Defendant's alleged odors or emissions, and the impacts on the surrounding residential community allegedly resulting therefrom. The Settlement Agreement provides for the distribution of settlement funds on a common, equitable basis to all qualifying residents who submit a valid Claim Form. Therefore, the predominance requirement of Rule 23(b)(3) is met.

**2. Class Certification is the Superior Method for the Fair and Efficient Adjudication of This Litigation.**

"The superiority inquiry requires courts to assess the fairness and efficiency of class adjudication…" *Quinn v. Specialized Loan Servicing, LLC*, 331 F.R.D. 126, 133 (N.D. Ill. 2019). "Class actions are 'superior where potential damages may be too insignificant to provide class members with incentive to pursue [their] claim[s] individually.'" *Id.* (quoting *Quiroz v. Revenue Prod. Mgmt., Inc.*, 252 F.R.D. 438, 444 (N.D. Ill. 2008)). "Class actions are also desirable where collective treatment 'would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated.'" *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)).

A class resolution of this litigation undoubtedly achieves the economies of time, effort, and expense while ensuring uniformity of decision. The alternative to resolving this case on a class basis is dozens, if not hundreds, of substantially identical individual claims in a constantly expanding stream of litigation while excluding the claims of Settlement Class Members for whom active participation is not feasible for financial or other reasons. Resolving these claims together, on behalf of the proposed Settlement Class, further promotes procedural fairness and is incalculably more judicially efficient than unwieldy, piecemeal individual litigation, particularly given that the Facility is ceasing operations by September 30, 2026. The proposed classwide resolution will additionally prevent the Court and the Parties from needlessly expending further resources by providing a single, orderly resolution with a consistent result. The superiority requirement of Rule 23(b)(3) is easily satisfied here.

Each of the Rule 23(a) factors and both of the Rule 23(b)(3) elements are satisfied, and Plaintiff has established that certification of the proposed Settlement Class for settlement purposes is warranted.

## II. The Court Will Likely Find That the Proposed Settlement is Fair, Reasonable, and Adequate.

As set forth in Rule 23(e)(1)(B)(i), the first requirement for preliminary approval directs the Court to determine whether the terms of the proposed Settlement are fair, reasonable, and adequate considering the following factors: (a) the class representatives and class counsel have adequately represented the class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate; and (d) the proposal treats Settlement Class Members equitable to each other. *See* Rule 23(e)(1)(B)(i).[3] Each of these factors is satisfied here as set forth below.

### A. The Settlement Was Negotiated at Arm's Length.

There was no collusion between the Parties in reaching the Settlement Agreement. Throughout the Action up until this point, Plaintiff ardently pursued his claims on behalf of the proposed Settlement Class and Defendant zealously defended against them. The Parties engaged in strictly arms-length negotiations with Magistrate Judge Albert Berry III to eventually reach a resolution. There was no collusion during settlement discussions that would weigh against approval of the Settlement Agreement.

### B. The Monetary Relief Provided Through the Settlement Is Adequate.

When determining whether the relief provided through a settlement is adequate, courts consider the following factors: "(1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (3) the terms of any proposed attorney's fee, including timing of payment; and (4) any agreement required to be identified under Rule 23(e)(3)." Fed.R.Civ.P.

---

[3] Plaintiff refers the Court to Section I(E) for analysis concerning the class representative and Class Counsel's adequacy.

23(e)(2)(C). Each of these factors weigh in favor of preliminary approval of the proposed settlement.

### 1. The Costs, Risks, and Delay of Trial and Appeal Are Substantial in Complex Environmental Class Actions.

The consideration provided by Defendant to effectuate the proposed Settlement Agreement is a beneficial and adequate result of the Class, as Defendant will pay $625,000 in cash into a common fund to compensate Plaintiff and the Settlement Class for the alleged damages incurred. (**Ex. 1**, sec. 2(w)). Even if Plaintiff were to prevail on a Motion for class certification, which itself carries significant risks, he would then need to affirmatively establish that Defendant's alleged noxious odor emissions spread throughout the proposed Class Area with such frequency, intensity, and duration as to constitute a nuisance and that Defendant was negligent in its operation of the Facility. These showings would involve competing scientific testimony of sufficient complexity that the ultimate outcome would be anything but certain for either party. (**Ex. 2,** ¶¶ 23-24).

Further, it is likely that Defendant would vigorously oppose Plaintiff's evidence concerning damages. Determining damages attributable to a nuisance requires that those damages be isolated from numerous other factors that potentially impact the use and enjoyment of property, which would involve expensive and complex expert testimony. (**Ex. 2,** ¶¶ 23-24). After considering the range of possibilities concerning both class certification and liability, it is Class Counsel's experienced opinion that the proposed settlement is the most desirable outcome for Plaintiff and the Settlement Class given the potential risks, rewards, and costs of continuing litigation. (***Id.***, ¶ 29). The costs and risks, weighed against substantial benefits conferred by the proposed settlement, weighs heavily in favor of preliminary approval.

### 2. The Proposed Method of Distributing Relief to the Settlement Class and Processing Settlement Class Member Claims is Effective, and Class Counsel has Extensive Experience Administering Similar Class Settlements.

The Settlement Agreement provides for distribution of monetary relief on a pro-rata basis to all Settlement Class Members who submit a valid and timely Claim Form. (**Ex. 1**, sec. 5). Settlement Class Members will be afforded forty-five (45) days following the date the Notice is mailed, whereby each Settlement Class Member will receive Notice of the settlement via first claim mail, to submit a Claim Form. (***Id.***). Plaintiff's Counsel has successfully administered many dozens of similar settlements using this direct mail notice program and claims process. (**Ex. 2**, ¶ 9).

The equal share formula is both equitable and practical because the potential degree in variation between Settlement Class Members' claims is outweighed by the cost, uncertainty, and administrative infeasibility of attempting to distinguish between claims. Identifying with particularity the extent to which a Settlement Class Member's use and enjoyment of any particular property varies from another's would require a combination of emissions modeling and testimony that would be sufficiently costly and inefficient as to reduce the Settlement Class's aggregate recovery beyond its limited benefit to any individual Settlement Class Member. An equal basis, pro rata distribution program effectively avoids these unnecessary costs and treats Settlement Class Members equitably relative to each other.

Additionally, the claims process is as simple as possible without inviting fraud. There is no reliable method to determine who actually occupies a residential dwelling without soliciting verifiable information in the form of a standardized Claim Form (**Ex. 1-E**). This simple claims process, which requires basic proof of identify and qualification, ensures that funds are distributed only to qualifying Settlement Class Members. Overall, both the method for submitting claims and the method for distributing funds are designed to be maximally effective for getting the agreed-upon relief into Settlement Class Members' hands.

**3. The Requested Attorney's Fee is Standard and Reasonable Considering the Result for the Settlement Class.**

Pursuant to the terms of the Settlement Agreement, Class Counsel may apply to the Court for an award of reasonable attorneys' fees and intend to request fees in an amount not to exceed one-third of the Settlement Fund, net of costs and expenses. (Ex. 1, sec. 3e)). Similar fee requests have been granted in other class action settlements. *See Schulte v. Fifth Third Bank,* 805 F. Supp. 2d 560, 598-99 (N.D. Ill. July 29, 2011) ("A number of fee awards in common-fund cases from within the Seventh Circuit show that an award of 33.3% of the settlement is within the reasonable range.") (collecting cases); *see also Kolinek v. Walgreen Co.,* 311 F.R.D. 483, 502-03 (granting attorneys' fees representing 36% of common fund); *Quinn v. JK Buick GMC, Inc.,* No. 1:23-cv-00447, 2024 WL 4613360, at *4 (N.D. Ill. October 30, 2024) (slip copy) (granting attorneys' fees representing 33.3% of the total non-reversionary settlement funds). Given Class Counsel's unique experience litigating these types of cases and their efforts to secure the relief provided in the proposed Settlement Agreement, the standard fee request is justified.

**4. The Proposed Settlement Treats All Settlement Class Members Equally.**

For many of the same reasons as set forth above, there are no concerns regarding the equitable treatment of Settlement Class Members relative to one another. Every Settlement Class Member will have an equal opportunity to collect a share of the monetary relief provided by the proposed settlement, and Settlement Class Members who submit a valid and timely Claim Form will be treated equally to one another in receiving one equal share of the common fund. As a result, the equitable treatment of the Settlement Class can hardly be disputed.

As discussed above, each of the Rule 23(e) factors weigh strongly in favor of the Court finding that the proposed settlement terms are fair, reasonable, and adequate.

## III. The Additional Fairness Factors that the District Court Must Consider Similarly Weigh in Favor of Preliminary Approval.

"In assessing a settlement's fairness, 'relevant factors include: (1) the strength of the case for plaintiffs on the merits, balances against the extent of the settlement offer; (2) the complexity length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) the stage of proceedings and the amount of discovery completed." *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 588 (N.D. Ill. 2016) (quoting *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014)). "The most important factor relevant to the fairness of a class action settlement is the strength of plaintiff[s'] case on the merits balanced against the amount offered in settlement." *Id.* (quoting *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 n. 44 (7th Cir. 1979)).

While Factors 2 and 5 are largely subsumed by the previously discussed Rule 23(e)(2) factors and Factors 3-4 are more appropriate for consideration on a motion for final approval after the reaction of the Settlement Class has been received, Factors 1 and 6 warrant additional discussion here. Both weigh in favor of preliminary approval.

### A. While Plaintiff Believes That His Case is Meritorious, the Settlement is Fair and Reasonable Considering the Strength of the Case on the Merits.

Plaintiff has already discussed the risks of trial and some difficulties in proving liability above in Section II(B)(1) and that analysis also applies to this factor. However, the Parties have conducted extensive discovery, including written discovery and depositions, focused on class certification that has substantially informed the Parties' respective positions on the ultimate viability of Plaintiff's claims. Plaintiff undoubtedly believes that his claims have merit but

recognizes the substantial risks of proving Defendant's liability and establishing his right to damages.

While any settlement is necessarily a compromise, this settlement addresses the concerns of Plaintiff and the Settlement Class by delivering valuable monetary relief for past nuisance damages. Although many settlements of this type involve improvement measures at the Facility in addition to monetary relief, such improvements were not necessary in this case as Defendant is ceasing operations at the Facility on September 30, 2026. Accordingly, the settlement fund of $625,000 adequately compensates Plaintiff and the Settlement Class for their past nuisance damages while allowing them to avoid the significant risks inherent in both establishing the propriety of class certification and ultimately Defendant's liability for their claims. Plaintiff believes in his claims and asserts that they have substantial merit, but believes that this settlement provides immediate benefits that outweigh the potentially extensive costs and delays associated with continued class certification and liability proceedings. The Settlement Agreement is therefore fair and adequate considering the potential difficulties in proving Plaintiff's case and this factor weighs in favor of preliminary approval.

**B. The Parties Have Engaged in Extensive Class Certification Discovery.**

Finally, the stage of the case and discovery conducted weigh in favor of preliminary approval. As discussed herein, the Parties have completed class certification fact discovery, including multiple rounds of written discovery and numerous depositions and were preparing for class certification expert disclosures at the time of settlement. This case was filed in 2024 and has been continuously litigated since that time. (**Ex. 2,** ¶¶ 13-14). The extensive class certification discovery conducted allowed the Parties to enter settlement negotiations well-informed to evaluate the strengths and weaknesses of their respective positions (***Id.*****,** ¶ 18), and the Parties have

extensively briefed Defendant's motions to dismiss. In sum, this case has been heavily litigated for more than two years, during which the Parties have conducted extensive discovery necessary for them to adequately assess the risks of continued litigation and the benefits of the instant resolution. Accordingly, this factor additionally weighs heavily in favor of preliminary approval.

**IV. The Proposed Notice Plan is Appropriate.**

"After preliminarily approving a settlement, the court must direct notice of the proposed settlement to all Settlement Class Members who would be bound by the proposal." Fed.R.Civ.P. 23(e)(1)(B). Rule 23(c) contains the following requirements for class notice:

> Notice must also contain the following in 'plain, easily understood language:
> (1) the nature of the action;
> (2) the definition of the class certified;
> (3) the class claims, issues, or defenses;
> (4) that class members may enter an appearance through an attorney if the member so desires;
> (5) that the court will exclude from the class any member who requests exclusion;
> (6) the time and manner for requesting exclusion; and
> (7) the binding effect of a class judgment on members under Rule 23(c)(3).'

*Fonder v. Sherriff of Kankakee Cnty.*, No. 12-CV-2115, 2014 WL 812939, at *2 (C.D. Ill. February 28, 2014) (quoting Fed.R.Civ.P. 23(c)(2)(B)).

The Settlement provides for notice to the Settlement Class in the form attached as **Ex. 1-D**. As soon as practicable after the Court enters the Preliminary Approval Order (**Ex. 1-B**), Class Counsel will disseminate both the Notice (**Ex. 1-D**) and Claim Form (**Ex. 1-E**) to each Settlement Class Member whose address is reasonably ascertainable via first class mail, postage prepaid to each such address. *See Mullins v. DirectDigital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) ("When class members' names and addresses are known or knowable with reasonable effort, notice can be accomplished by first-class mail."). Class Counsel will additionally post all relevant settlement documents, including the Settlement Agreement, Notice, and Claim Form on a settlement website.

The website will also feature instructions for seeking compensation from the Settlement Fund or submitting an opt out or objection. Settlement Class Members will have thirty (30) days from the date the Notice is mailed to opt out or object to the settlement and forty-five (45) days to submit a Claim Form. (**Ex. 1**, sec. 6). Any Settlement Class Member who chooses to opt out will not be bound by the Settlement Agreement and will not release any claims against Defendant. (*Id.*).

The Notice (**Ex. 1-D**) provides all of the salient information, clearly states that it contains only a summary of the Settlement Agreement, and describes how Settlement Class Members can obtain additional information regarding the Settlement Agreement. The Notice also refers Settlement Class Members to the Website where they can access the relevant documents or request additional information. At least seven (7) days before the Settlement Fairness and Final Approval Hearing—and after the claims, opt outs, and objections deadlines have passed—Class Counsel will file all objections and opt outs with the Court. (**Ex. 1**, sec. 6(a)). Plaintiff will then seek final approval of the settlement, at which time the Court can consider the Settlement Class's response thereto.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the attached Order Granting Preliminary Approval (**Ex 1-B**), certify the proposed Settlement Class, appoint Plaintiff's Counsel as Class Counsel, and approve the Notice program described herein.

Dated: September 18, 2026

Respectfully Submitted,

*/s/ D. Reed Solt*
Steven D. Liddle*
Laura L. Sheets*
D. Reed Solt*
*Admitted Pro Hac Vice
**LIDDLE SHEETS P.C.**

975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
Tel: (313) 392-0015
Fax: (313) 392-0025
sliddle@lsclassaction.com
lsheets@lsclassaction.com
rsolt@lsclassaction.com

*Attorneys for Plaintiff*