**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**COLIN PETRUS,**
on behalf of himself and all others
similarly situated,

Plaintiff,

vs.

**KOPPERS INC.,**

Defendant.

Case No. 1:24-cv-06872

District Judge Jorge L. Alonso
Magistrate Judge Albert Berry III

---

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

---

Plaintiff Colin Petrus, individually and on behalf of each member of the Settlement Class, moves this Court pursuant to Federal Rule of Civil Procedure 23 for an order preliminarily approving the proposed settlement of this lawsuit in accordance with the Settlement Agreement[1] filed with this Court. The Court, having read and considered the Settlement Agreement, and Plaintiff and Defendant Koppers Inc. having consented to the entry of this order, hereby **GRANTS** the Motion.

IT IS HEREBY ORDERED:

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

2. The settlement, and all of its terms and conditions, is preliminarily approved as fair, just, reasonable, and adequate, subject to further consideration at the Settlement Fairness and Final Approval Hearing.

3. For purposes of settlement only, the Court conditionally certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), which is defined under the Agreement as:

> **All owners or occupants of residential property within one mile of the Koppers Facility at 3900 S. Laramie Avenue, Cicero, Illinois 60804, at any time from August 6, 2019, through the date of this order.**

The Class Area is defined in the Settlement Agreement and is approximately depicted in the map attached thereto as Exhibit A. This map is for illustrative purposes only and does not create, eliminate, or alter any rights of potential Settlement Class Members.

4. The Court further finds that all of the requirements of Fed. R. Civ. P. 23(a) are satisfied for settlement purposes, in that the Settlement Class as defined is ascertainable and satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. The Court further finds that the Settlement Class satisfies the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

5. Plaintiff Colin Petrus is appointed as representative of the Settlement Class, and Steven D. Liddle, Laura L. Sheets, and D. Reed Solt of the law firm of Liddle Sheets P.C. are hereby appointed as Class Counsel. In accordance with the terms of the Settlement Agreement, Class Counsel will be solely responsible for Settlement Administration, including by providing the required Notice and administering the claims process.

6. The Court approves the form of the Notice (Exhibit D to the Settlement Agreement) and directs that Class Counsel shall serve the same upon the Settlement Class (by first class mail,

postage prepaid) to each residential address within the Class Area during the Class Period no later than thirty (30) days after the Court issues this Preliminary Approval Order.

7. Also within thirty (30) days after the Court issues the Preliminary Approval Order, Class Counsel shall cause a short form version of the Notice (in similar form to that attached to the Agreement as Exhibit F) to be published in the Berwyn Suburban Life and the Lawndale News.

8. The Notice, along with copies of the Settlement Agreement and Claim Form (Exhibit E to the Settlement Agreement), shall also be posted on a designated settlement website to be established by Class Counsel.

9. The Court finds that service of the Notice in this manner constitutes the best notice practicable under the circumstances to members of the Settlement Class and complies fully with Federal Rule of Civil Procedure 23(e)(1) and any and all due process rights guaranteed by the United States Constitution and any other applicable law. The Court further finds that the Notice clearly and concisely informs the Settlement Class of their rights and options with respect to the proposed settlement in plain, easily understood language as required by Rule 23.

10. As provided for in the Notice, the Settlement Class shall be afforded the right to opt out of the Settlement Agreement or object to the final approval of the Settlement Agreement. Settlement Class Members shall have until thirty (30) days after the mailing of the Notice to opt out of the Settlement Class. Any Settlement Class Member who chooses to opt out and submits a timely and valid Opt-Out request in conformance with the terms of the Settlement Agreement shall be excluded from the Settlement Class, shall have no rights under the Settlement Agreement, and shall not be bound thereby.

11. Settlement Class Members who do not opt out of the Settlement Agreement shall have thirty (30) days after the mailing of the Notice to make any objections to the proposed settlement.

12. Settlement Class Members shall have forty-five (45) days from the date Notice is mailed to submit a Claim Form in compliance with the terms specified in the Notice and on the Claim Form itself.

13. The Settlement Fairness and Final Approval Hearing is scheduled for January 19, 2027 at 11:00 a.m., at Dirksen United States Courthouse, 219 S. Dearborn, Chicago, IL 60604, at which time the Court will consider the entry of the Final Judgment and Order (Exhibit C to the Settlement Agreement).

14. Class Counsel shall circulate copies of such Opt-Outs and/or Objections to counsel for Defendant immediately upon receipt.

15. At least fourteen (14) days in advance of the Settlement Fairness and Final Approval Hearing, Plaintiff shall submit a Motion for Final Approval of the settlement, along with any request for attorney's fees, incentive award, and/or reimbursement of litigation costs, including any costs associated with Settlement Administration. Plaintiff shall include with this Motion adequate proof of mailing and publication of the Notice.

16. At least seven (7) days before the Settlement Fairness and Final Approval Hearing, or in conjunction with the Motion for Final Approval, Class Counsel shall file all objections received from or on behalf of Settlement Class Members and file a proposed "Exhibit 1" to the Final Judgment and Order to the Court identifying the potential Settlement Class Members who timely submitted proper Opt-Out requests.

17. Within ten (10) calendar days of the date Plaintiff moves for the entry of the Preliminary Approval Order and consistent with 28 U.S.C. § 1715(b), Defendant shall cause notice

of the Settlement Agreement to be sent to (i) the U.S. Attorney General's Office, as the appropriate Federal official and (ii) the Director of the Illinois Environmental Protection Agency as the appropriate state official. At least seven (7) days before the Settlement Fairness and Final Approval Hearing, Defendant shall submit an affidavit or declaration to the Court confirming that these notices were timely sent. In accordance with 28 U.S.C. § 1715(d), an order giving final approval of the proposed settlement will not be issued earlier than 90 days after the date on which the appropriate Federal and State officials were served with notice.

18. All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness and Final Approval Hearing described in this order shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

19. All proceedings in the Action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court.

20. Class Counsel is hereby directed to coordinate and effectuate administration of the Settlement Agreement.

IT IS SO ORDERED.

DATED: September 22, 2026

BY: ______________________________

Judge Jorge L. Alonso